# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

MARCUS WAYNE JOHNSON, )
  Petitioner

Vs.                              Civil Action No. 2:08 cv 135 -MHT

STATE OF ALABAMA,     Ref: CC-04-903, CC-05-1233
  et. al., Respondents    )

## HABEAS CORPUS PETITION AFTER RETURN

Comes now Petitioner, Marcus Wayne Johnson, pro se, before this Honorable Court and moves to have this cause reviewed for any such relief so deemed to be just in this matter, as the previous petition was returned to obtain information as it relates to the plea colloquy in this case and the full explanation of right and to file a response to the allegations therein was remitted and returned the filing for the lower courts to rule upon in compliance with 2244 and thereafter: the following petition is in the nature of a post-conviction writ, the petitioner admits that he has material facts that have never been before this court for their review and the consideration of such limitation and terms of imprisonment that was never discussed or offered under the discovery rules to this petitioner to either oppose or utilize for the consideration of the plea colloquy in violation of Rules of The Court in their full content and meaning for the colloquy and process of the requirements for a fair and intelligently made plea. Again this subject matter is directly newly discovered information under jurisdictional issues and are not time barred, thus the toll of time bar is not effected.

As a matter of information the petitioner has previously relied upon the procedure of the court to determine the issue of whether the plea was fully explained and contained in the Records as the State alleges in every answer and the same records will clearly show that at no time did the counsel, Assistant District Attorney or the Judge presiding over the case ever explain that the range of punishment of the effect of imposing such, the petitioner now ask this court to review the issues and give full weight to the material of which the prosecution relied upon in the plea and subsequent conviction of this petitioner, which directly violated colloquy material fairness and disclosure, which undermined this court in it process of justice by convicting a person of such criminal acts that have held him imprisoned without justification, jurisdiction and/ or resolve.

## SUBSTANTIVE CLAIMS

The co-defendants statements which did indicate that the Petitioner was not in possession of the

1

controlled substance and the mitigating circumstance surrounding the incident. The Petitioner was not provided a full explained plea colloquy as reported or a copy of the recordings that relate to the other conversations to personnel of the court that the Petitioner would not be expected to plea guilty to a trafficking charge and that the district attorney did in fact state on the record before the court that the same was made known to the court prior to the entry of the guilty plea colloquy. The Attorney of record did in fact also give a statement that clearly indicated that at no time did petitioner ever want to enter into a plea situation and at the last minute the attorney showed that he would not be going to trial and would withdraw if the plea colloquy was not signed and that Petitioner could Appeal that decision after the entry of judgment at a later date. Notwithstanding the material discussed never encompassed the amount of time the Petitioner faced of the totality of the circumstances that the Petitioner was actually entering when he was blind-sided to sign the plea in the first place, thus given the overall requirements the plea colloquy is in fact in direct violation of the agreement legal standings.

## Deference to State Courts

The state courts refused to reverse the issue now before this court on Rule 32 review: the suppression of the officers opinion that there was no denying the allegation in the complaint as it pertained to the co-defendants and not the Petitioner, to support any criminal act and the fact that the type of situation that alleged also was inconsistent with the alleged description of the incident and should be treated as a Brady violation. In court, the only physical evidence offered was the fact that the co-defendants were being watched or under surveillance and the petitioner was not even part of the on going investigation and such was indicted by the police officers which would have been a witness for the prosecution, although there was no contention that could be interpreted as this witness alleging that Johnson engaged in any overt acts, involving physical possession, between the interested parties of this investigation and Johnson. As the trial judge re-considered the issue of the colloquy information without engaging in the analysis required under 28 U.S.C.A. § 2254(d), this court should now decide whether deference was properly granted to the relevant state-court decisions.

2

## Unreasonable Application of Federal Law

The Appellant judge found that the Circuit court should revisit the plea colloquy and records that the allegation stem from in state court, specifically that the state court engage in an item-by-item materiality inquiry in determining whether a colloquy violation occurred. This mode of analysis is explicitly foreclosed by the Supreme Court decision of Kyles v. Whitley, 514 U.S. 419, 436-37, 131 L. Ed. 2d 490, 115 S. Ct. 1555, 1567 & n. 10., Kyles v. Whitley, 514 U.S. 419, 436-37, 131 L. Ed. 2d 490, 115 S. Ct. 1555, 1567 which makes clear that, once the suppression of material relevant to the plea (that is, impeachment or exculpatory evidence) is found, the court must make the materiality inquiry for all suppressions in the aggregate. If the effect of all the violations, considered collectively, is to reduce confidence in the verdict such that there is a reasonable probability that it would have been different had the violations not occurred, then a Brady violation must be found. The question is whether the state court engaged in an item-by-item inquiry. It does not appear that it did so; instead, the state court analyzed item-by-item whether the information had been suppressed. The Alabama Court of Criminal Appeals found that, for all but one of the argued pieces of evidence, Johnson did not present evidence showing suppression the trial court already had the evidence in the record itself. Spellman v. State, 744 So. 2d 959 (Ala. Crim. App. 1998) (unpublished table decision), Memorandum Order at 3, released November 20, 1998. With respect to the victims statements-- "agreed with the circuit court that because there is no reasonable probability that admission of this statement would have resulted in a different outcome, the statement did not fall under Brady." Id. Having conceivably found, only one suppression the state court was not obligated to undertake the materiality inquiry "collectively" for all of the presented claims. Kyles, 514 U.S. at 436 n.10, 115 S. Ct. at 1567 n.10. ("Thus, it is asked that this court evaluate its cumulative effect for purposes of materiality separately and at the end of the discussion." ( emphasis added)). Only after a piece of evidence is identified as (1) having been suppressed and (2) as being either exculpatory or impeachment evidence, does the materiality inquiry come into play. As admitted this was never brought to the court's attention to be addressed it is a jurisdictional issue and is not barred by the one year

statute of limitation. Therefore, the Criminal Appellant Court's, discussion of materiality as to the one arguably suppressed piece of evidence is sufficient and a proper application of Brady. However, the claim may be reviewed based on that court's unreasonable factual conclusions in reaching its Brady decision on the presumption that the plea colloquy and the statement given by the counsel and accepted changes ruling of closure on the issue and the record itself reflects that the time of imprisonment and the exact consequences of the plea could not have been fully disclosed by the trial courts on admission therein.

## Unreasonable Factual Determination

The state-court trial judge should consider the Brady implications of the witnesses' statements, finding the violation. Here based on the fact that Johnson counsel had been told by the prosecution that the officer did not initially identify his client because he was not sure of the identification because he did not have proper information for the investigation to encompass him. Finding that this description was inconsistent with the District Attorney's conversations with the trial counsel, this state court should find an encompassed Brady violation and a suppression of the contents of that information. The Alabama Court of Criminal Appeals noted that the trial court found that Johnson counsel was told "of the substance of the officers' statement, particularly that he did not initially identify Johnson due to his knowingly having an on going investigation against other parties and not of Johnson being the only unknown male in the line," disagreeing with the trial court that there was no suppression of the officers statements and, consequently, a Brady violation. This fact (that there was a Brady violation) is a legal one, and this trial court may revisit that decision under one of the prongs of 28 U.S.C.A. § 2254(d) which is met, and the decision was contrary to or based on an unreasonable application of clearly established federal law or was based on an unreasonable view of the facts in light of the evidence presented to the state court.

The summary of the colloquy given to Johnson, that the officer did not initially identify Johnson because of his knowingly having on going investigation against the other parties and not with him, does not accurately describe the substance of the statements given by him that he knew for

4

years and the investigation just caught him up in it. It was an unreasonable interpretation of the facts for the state trial court and state appellate court to so find. Based on this unreasonable interpretation of the facts, they found that no suppression had occurred because the prosecution tendered to Johnson the substance of the colloquy. Johnson did not know, and was not told by the prosecution, that the officer identified him only after being in a prejudiced place, rather than with honest violator and/or actual knowledge of criminal acts, the prosecution was aware of this witnesses testimony, if it had been given at trial by the detective and the acts and testimony in the court room the day of trial would clearly shed light in favor of the Petitioner.. The prosecution capitalized on the entirely ephemeral consistency of the officers statement by telling the attorney that his story had not changed from day one when, indeed, it had. Under 28 U.S.C.A. § 2254(d), this court may review the Brady claim as to the statements given by the detective.

### Brady Implications

With regard to the detective's statements, contrasted with statements given by the prosecution; a number of significant inconsistencies become apparent when the record of statements are compared with his trial statements. Secondly, it is apparent that the incident reports were not turned over to the Defense Attorney or Johnson before trial or plea colloquy, that is, they were suppressed by the prosecution's agent or officer.

### PREJUDICE FROM VIOLATIONS

It falls now to the court to determine whether the Brady suppressions found above rise to the level of violations; that is, whether there is a reasonable probability that a jury's verdict or information contained within the plea colloquy would have been different but for the suppressions. Kyles, 514 U.S. at 434, 115 S. Ct. at 1566. The "reasonable probability" standard does not denote a demonstration by a preponderance of the evidence that disclosure of the suppressed facts would have resulted in an acquittal. Id.

The standard is whether there is a reasonable probability of a different result, whether the suppressions "undermine confidence in the outcome of the conviction." Bagley, 473 U.S. at 678,

5

105 S. Ct. at 3381 (1985). The standard is to show that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles, 514 U.S. at 435, 115 S. Ct. at 1566. Based on the suppression of the officer and witnesses' statements, there is a reasonable probability of a different result. The impeachment of these two witnesses by the suppressed statements strikes at the very heart of the prosecution's case against Johnson. Cf. Nixon v. Newsome, 888 F.2d 112 (11th Cir. 1989) (failure of trial counsel to impeach star witness with prior inconsistent statements regarding the identity of the person who shot the victim established prejudice for purposes of habeas review). Police officers, the only witness to Johnson alleged possession, is confronted with instances when he did not place Johnson at the scene with any criminal intent. Therefore a finding that such would in fact change the out come of the trial Court to prove that an actually innocent person was accused and unintelligently making a colloquy that he could not have known the full effect and circumstances thereto accused.

WHEREFORE THE FOREGOING CONSIDERED; it is prayed that this Honorable Court render a decision to hold a hearing on these factual Constitutional Violations and correct the injustice of this instant case.

Done this 11 day of February, 2008.

Respectfully submitted,

_____
Marcus Wayne Johnson
3800 Fountain F-DORM
Atmore, Alabama 36503

## CERTIFICATE OF SERVICE

I, hereby certify that a true and complete copy of the foregoing was forwarded to the following for notice of this filing to the same by placing the same in the United States Mail postage pre-paid and addressed as follows:

Donald Rizzardi, District Attorney
Box 256
Huntsville, Alabama 35801

Criminal Court of Appeals
P.O. Box 301555
Montgomery, Al 36130-1555

Done this 11th day of February, 2008.

_____
Marcus Wayne Johnson
3800 Fountain F-DORM
Atmore, Alabama 36503


## NOTARY SERVICE

**STATE OF ALABAMA** }

**COUNTY OF ESCAMBIA**}
Before me personally appeared **Marcus Wayne Johnson**, and does affirm that the foregoing attached is true and correct to the best of his knowledge and belief. And is known or identified before me by identification and scribed in my presents the accompanying documents.
Done this __21__ day of __February__, 2008.

__1/12/2011__
My Commission expires

_____
Notary Public (L.S.)

7

Marcus Wayne Johnson #210959
F-63B
Fountain 3800
Atmore, AL 36503

MOBILE AL 366
22 FEB 2008 PM 1 L

United States District Court
Middle District
P.O. Box 711
Montgomery, AL 36102-0711

36102+0711