IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS WAYNE JOHNSON, # 210959, | ) ) ) | |
| Petitioner, | ) ) | |
| v | ) ) | Civil Action No.2:08cv135-MHT (WO) |
| STATE OF ALABAMA, *et al.*, | ) ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 26, 2008 (Doc. No. 3), this court entered an order that directed petitioner to file on or before March 11, 2008, a supplement to his habeas petition that specifically states the judgment he seeks to challenge and the name and location of the trial court that entered his conviction and sentence. Petitioner was specifically cautioned that his failure to comply with the court's February 26 order would result in a recommendation that his case be dismissed. (*See* Doc. No. 3 at 1.) The requisite time has passed, and petitioner has filed nothing in response to the court's order. Consequently, the court concludes that dismissal of this case is appropriate for petitioner's failure to comply with the court's order.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for petitioner's failure to comply with the order of this court.

It is further

ORDERED that **on or before June 9, 2008,** the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE